BENJAMIN B. WHITTAKER *vs.* PHEBE C. BERRY *et als.*

*In review, interest is only cast on the original judgment.*

A bond given on review, under R. S. of 1857, c. 89, § 4, is discharged upon payment of the original judgment, (including debts and costs) and interest at twelve per cent. from the date of the bond to that of final judgment in review, and taxable costs.

Interest is not to be allowed on the costs of the review.

ON REPORT.

DEBT upon a bond for $316.32, given to obtain a review of a real action originally brought against one Benjamin Brown, now deceased, whose estate Mrs. Berry, the defendant, represents, and in which a judgment was obtained October 26, 1866, against him for $158.16 ; of which $21.24 were the damages or mesne profits, and $136.92 were costs, and twenty-five cents more for a writ of possession. Mr. Brown sought to obtain a review of that action, and in order to do so, gave the bond in suit, dated January 10, 1867, under R. S. of 1857, then in force, c. 89, § 4. The review was granted, but he died during its pendency, and Mrs. Berry assumed to prosecute it, as administratrix of his estate, which this court in *Berry* v. *Whittaker*, 58 Maine, 422, decided she had no right to do; on the ground that a real action could not be prosecuted by the personal representative of a demandant. In this last named action (of review) judgment was entered up for $237.36, debt or damage, and $96.66, costs. The debt or damage was ascertained by computing upon the whole amount of the original judgment, ($158.41, as above) the interest at six per cent. from the date of its rendition (October 26, 1866) to January 10, 1867, the date of the bond, (1.95) and interest upon that amount ($160.36) from January 10, 1867, to January 12, 1871, when the judgment in review was entered, the clerk calling this $77. as it came within a few cents of those figures. The costs of this review were composed of the usual items of travel, attendance, witnesses, fees, &c., without reference to costs of the former

suit, which (as already observed) were included in the judgment for damages upon the review. The plaintiff was paid the amount of damages included in this last judgment, as computed by the clerk, ($237.36), but claimed interest at twelve per cent., upon the amount of the second, instead of upon the first judgment. The question of the justice of this claim was submitted to the court in this suit upon the bond, brought to enforce it.

*W. H. McLellan* for the plaintiff.

We claim interest at twelve per cent. on the costs included in the last judgment because it is so "nominated in the bond." The penalty of failure upon the review is the payment of that rate upon "the final judgment." This is the exact language of the instrument.

*J. Williamson* for the defendants.

APPLETON, C. J. The plaintiff in this suit brought a writ of entry against one Benjamin Brown, in which he obtained judgment. The defendant, Brown, then petitioned for a review of the judgment against him and for a writ of *supersedeas*, which was granted upon his filing a bond "in double the amount of the damages and costs conditioned to pay said amount if the petition is denied, or the amount of the final judgment on review, if it is granted, with interest thereon at the rate of twelve per cent., from the date of the bond to the time of final judgment," under R. S. of 1857, c. 89, § 4.

The review was granted and the writ of review issued. The plaintiff in review having deceased, the writ was prosecuted by his administratrix, who became nonsuit and judgment was rendered against her, as reported in *Berry*, adm'x, v. *Whittaker*, 58 Maine, 422.

The judgment as rendered was for the debt or damage in the original action and the costs therein with interest from the date of the bond to the time of the rendition of judgment on the nonsuit, at the rate of twelve per cent. This amount has been paid by Mrs. Berry, as administratrix, together with the costs recovered by the defendant in review.

The question presented is whether the plaintiff is entitled to any further or additional sum.

When a writ of review has been granted, the judgment sought to be reviewed is neither reversed nor annulled, but remains in full force. *Lyer* v. *Wilbur*, 48 Maine, 287 ; *Curtis* v. *Curtis*, 47 Maine, 52 5.

Now the judgment in review may be for the same amount as the judgment to be reviewed or for more or less. Provision is made for each of these contingencies by statute.

By the ninth section of the statute, "when the original plaintiff recovers a greater sum than he did by the first judgment, as debt or damage, he shall have judgment therefor, or for so much thereof as remains unsatisfied, and for costs on review."

The original judgment, it has been seen, remains in full force. The plaintiff is not to have two judgments for one debt. His judgment will be for the "greater sum" that is the excess over and above the first judgment. Such was the judgment in *Crehore* v. *Pike*, 47 Maine, 435, where it was rendered only for the interest accruing subsequently to the first judgment.

By the tenth section of the same chapter, "when the sum first recovered is reduced, the original defendant shall have judgment for the difference with costs, on the review ; and if the former judgment has not been satisfied, one judgment may be set off against the other and execution be issued for the balance." Both judgments, it will be perceived, are recognized as valid, and are to be so treated.

By the same section, "when the original judgment is wholly reversed, judgment shall be entered in review for the amount of the former judgment and costs and interest thereon, and for such further sum as the prevailing party would have been entitled to recover in costs in the original action, if in the opinion of the court justice requires it. In such case, if the original judgment remains unpaid, it shall be cancelled by a set-off entered of record, in the judgment in review and execution shall issue for the balance only, otherwise for the amount of the latter judgment." In the last

case, the court regard the first judgment, if it had not been paid, as cancelled or nullified. *Dunlap* v. *Burnham*, 38 Maine, 112.

The statute bond, by § 4, is "in double the amount of the damages and costs." That amount may be increased or diminished on review. The judgment for the excess, under § 12, is not the final judgment to which the condition of the bond refers, for the "greater amount" may be only the accruing interest as in *Crehore* v. *Pike*, and the plaintiff would be without security for the judgment reviewed, which alone the bond was given to secure. The final judgment therein contemplated and thereby protected is the amount of damages and costs first recovered, unless reduced by § 10.

The costs which are given by §§ 9 and 10 are to be treated as costs only. The party entitled thereto is to recover only the taxable fees without any addition thereto of twelve per cent. interest. They exist only upon and by the rendition of judgment.

The plaintiff has the amount of damages and costs of the original judgment and interest thereon at twelve per cent., as given by the statute, and the costs of review and he is not entitled to recover any more. *Plaintiff nonsuit.*

CUTTING, WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.